IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ANTHONY T. AUSTIN,            )
                              )
          Plaintiff,          )
                              )
     v.                       )    Case No. 10 CV 1981
                              )
OFFICER JEFFREY FORNOFF #192, )    MAGISTRATE JUDGE
OFFICER ADAM STAPLETON #283,  )    ARLANDER KEYS
and CITY OF JOLIET,           )
an Illinois Municipal         )
Corporation,                  )
                              )
          Defendants.         )

**Memorandum Opinion and Order**

Before this Court is Plaintiff's Motion for Attorney's Fees and Non-taxable Costs After Judgement [85]. For the reasons set forth below, the Court grants the motion in the amount of $167,483.75.

**BACKGROUND**

On, March 30, 2010, Plaintiff Anthony Austin, through his attorneys, Patrick L. Provenzale and Kevin A. Halverson, filed this action against several Defendant Police Officers and the City of Joliet, alleging ten counts of violations of his constitutional rights and state law claims [1]. On October 21, 2010, Plaintiff filed the First Amended Complaint [23], in which he sought damages for violations of his rights under the Fourth and Fourteenth amendments of the U.S. Constitution and for violations of Illinois Common Law for the intentional torts of malicious prosecution, battery, and intentional infliction of

emotional distress against Officers Jeffrey Fornoff, Adam Stapleton, John Byrne, Carlos Matlock, and the City of Joliet.

Thereafter, Defendants moved for summary judgement as to all claims against all parties. In September 2011, the Court denied this motion. Prior to trial, Plaintiff non-suited two Defendant Officers and withdrew the failure to intervene and intentional infliction of emotional distress claims against Defendants Fornoff and Stapleton.

The case proceeded to trial, at which Mr. Provenzale and Mr. Halverson represented Plaintiff. At the time of the trial, two individual Defendants remained - Officer Fornoff and Officer Stapleton. The claims that were presented to the jury were (1) false arrest, (2) excessive force (under the Fourth and Fourteenth Amendment), (3) battery, and (4) malicious prosecution. On January 19, 2012, following a three-day trial, the jury returned a verdict for Plaintiff on some of his claims and awarded Plaintiff $6,800 in compensatory damages. In addition, Plaintiff obtained an award of punitive damages against Officer Stapleton in the amount of $5,000. Specifically, the jury found against Defendants Fornoff and Stapleton on the false arrest claim; against Defendant Fornoff only on the excessive force claims; against Defendant Fornoff only on the battery claim; and in favor of Defendants on the malicious prosecution claim. The Court entered judgment in accordance with the jury verdict

awarding Plaintiff $11,800 [77-78].

On March 21, 2012, Plaintiff filed the present motion for attorney's fees and costs [85]. Plaintiff seeks $255,775 in attorney's fees and $1,230 in non-taxable costs. Defendants do not challenge Plaintiff's right to recover attorney's fees, but argue that the attorney's fees should be awarded in a substantially lower amount.

## **LEGAL STANDARD**

The District Court has broad discretion in making an award of attorney's fees. *Mirabal v. General Motors Acceptance Corp.*, 576 F.2d 729, 730 (7th Cir. 1978). Statutory attorney's fees may be awarded to a "prevailing party." *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983). A prevailing party is a party that has succeeded on any significant issue in litigation which achieves some of the benefit the party sought in bringing the action. *Texas State Teachers Association v. Garland Independent School District*, 489 U.S. 782, 791-92 (1989). The amount of the fee must be determined on the facts of each case. A trial court's determination of a reasonable fee award to the prevailing party is reviewed under the highly deferential abuse of discretion standard. *Pickett v. Sheridan Healthcare Ctr.*, 664 F.3d 632, 639 (7th Cir. 2011).

To determine a reasonable fee, the Seventh Circuit instructs district courts to use the lodestar method. *Id.* at 639. The

"loadstar" is the product of hours reasonably expended on the litigation multiplied by the customary hourly rates generally prevailing in the relevant community for similar services rendered by similarly qualified attorneys. *Hensley*, 461 U.S. at 433.

After arriving at the lodestar figure, the District Court should evaluate other considerations to determine if that amount should be adjusted. *Id.* at 424. "This will be true even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith". *Id.* at 436. In determining the reasonable amount to be awarded, the lodestar amount may be adjusted up or down in light of the following twelve factors: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Id.* at 429-30, n. 3 (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-719 (5th Cir. 1974)).

The party requesting the fee has the burden of proving its reasonableness, including the hourly rate and appropriate hours expended. See Hensley, 461 U.S. at 437. Once the lodestar calculation has been made, the party seeking a reduction in the lodestar bears the burden of demonstrating that the reduction is warranted. See Robinson v. City of Harvey, 489 F. 3d 864 (7th Cir. 2007).

**ANALYSIS**

**I. Calculation of Reasonable Attorney's Fees to Which Plaintiff is Entitled**

Here, Plaintiff seeks $255,775 in attorney fees as a prevailing party under Federal Rule of Civil Procedure 54(d)(2)(A). Defendants argue that Plaintiff's limited success warrants a reduction of the lodestar amount. Defendants ask this Court to reduce Plaintiff's award for attorney fees by at least 50%.

**A. Lodestar Calculations**

As of the date of the verdict, Mr. Provenzale charged $350 per hour for 187.5 hours of out-of-court time ($65,625), and $400 per hour for 18 hours of court time ($7,200). In addition, Mr. Halverson charged $300 per hour for 476.75 hours of out-of-court time ($143,025), and $350 per hour for 18 hours of court time ($6,300).[1] There was also a paralegal who did work on this case

---

[1] Plaintiff's attorneys have voluntarily reduced their hours claimed by the amount of hours devoted to work and research for

5

who charged $75 per hour for 166 hours of work ($12,450). In calculating the lodestar amount, the total Plaintiff seeks in attorney's fees as of the time of the judgement is $234,600.

Plaintiff also requests $12,600 in fees for his attorneys' efforts under Local Rule 54.3 to resolve the issue of attorney's fees prior to filing this motion, plus $8,575 for preparation of the joint statement petition and the briefing of the current motion (24.5 hours of Mr. Provenzale's time at $350 per hour). The total amount Plaintiff is requesting in fees is $255,775.

Defendants do not object to the hourly rates of Plaintiff's attorneys. Nor do Defendants argue that specific time entries are duplicative or excessive, but instead, Defendants argue that the total fee amount sought in a case involving fairly simple facts and law is excessive given the result, and thus, should be considered when determining if a reduction to the lodestar amount should be made. Therefore, the lodestar calculation that we begin with in considering the *Johnson* factors is $255,775.

### B. Adjustment of the Lodestar Amount

In the parties' Local Rule 54.3(e) Joint Statement ("Joint Statement"), Defendants do not challenge "the individual billing entries or the Plaintiff's requested hourly rates," but argue

---

preparation of the proposed jury instructions, 38.25 hours between the two attorneys, acknowledging that the proposed jury instructions were not drafted to the Court's standards. Mot. at Ex. B, p. 2-3.

that the "fees sought are disproportionate to the amount of Plaintiff's recovery." Mot. at Ex. B, p.3. In their response brief, Defendants argue that the fees requested should be reduced in consideration of *Johnson* factors 1 (the time and labor required), 2 (the issues presented were not difficult or novel), and 8 (the amount involved and the results obtained). Defendants specifically set forth that certain fees incurred for depositions were unreasonable and/or unnecessary given the lack of complexity of the facts and that the fees requested are excessive in consideration of the difficulty of the case and result. Plaintiff responds that only factor 8 should be considered by the Court because Defendants have waived their arguments regarding the unnecessary time and labor and difficulty of the case by not raising them in the Joint Statement. Reply at p. 2.

The Court disagrees with Plaintiff's position that Defendants have waived these arguments. First, Defendants' arguments are all intertwined and though not specifically stated in the short three-page, double-spaced Joint Statement, the issues of complexity of the case and necessity of all time spent by attorneys are not excluded. In addition, given that the District Court has great discretion in determining the amount of a fee award, it is beneficial for the Court to consider all applicable factors in determining the reasonable fee to be awarded to Plaintiff. *See Hensley*, 461 U.S. at 439-40.

Therefore, the Court will address each applicable factor in turn.

First, the Court considers Plaintiff's degree of success. The factor of "results obtained" is crucial where a plaintiff is deemed "prevailing" even though he succeeded on only some of his claims for relief. *Hensley*, 461 U.S. at 434. Although fee awards need not be proportionate to the amount of damages a plaintiff actually recovers, it is a factor that a court should consider when contemplating a reduction of the lodestar amount. *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544 (7th Cir. 1999).

At trial, Plaintiff sought $30,000 in compensatory damages and $10,000 in punitive damages. The counts that ultimately went to the jury were false arrest, excessive force, battery, and malicious prosecution against both Defendant Fornoff and Defendant Stapleton [78]. Plaintiff prevailed against both Officers on the count of false arrest, against Defendant Stapleton on the counts of excessive force and battery and the jury found in favor of the Defendants on the malicious prosecution claim. The jury awarded Plaintiff $6,800 in compensatory damages and $5,000 in punitive damages, totaling $11,800.

Defendants urge the Court to award Plaintiff fees in an amount between 29.5% and 50% of their request. Defendants suggest these parameters because they calculate that Plaintiff

recovered 29.5% of his total damages sought ($30,000) at trial and the jury found in Plaintiff's favor on 50% of the counts (jury found in favor of Plaintiff on four out of eight claims since there were four counts against two Defendants each, resulting in 4/8 check marks by the jury on the verdict form in Plaintiff's favor). Resp. at p. 4. Plaintiff objects to the way that Defendants calculated these parameters since the verdict can be considered many ways. Plaintiff suggests that he won more than 50% of the claims since the jury found in his favor against at least one Defendant on 3/4 of the counts listed on the jury form. Also, Plaintiff points out that his claims of excessive force under the Fourth and Fourteenth Amendment were combined on the verdict form, so he actually won four out of five claims or had an 80% success rate, including punitive damages. Reply at p. 11. There is not an exact method to determine the success rate of Plaintiff to be used in determining reasonable fees and that is why the Seventh Circuit instructs that the District Court determine a reasonable fee based on the specific facts of each case, instead of applying a proportionality of the award by calculating a percentage won. *Hensley*, 461 U.S. at 429.

There is no precise formula for making a determination of reasonable fees based on success at trial. *Id.* at 436. In looking at the Plaintiff's success in this case, the Court considers the jury verdict in that Plaintiff won multiple counts

and received approximately 30% of what he requested of the jury at trial, including punitive damages. As the presiding Court, this Court also takes into account its knowledge and history of this case, including that Plaintiff voluntarily dismissed certain Defendants and counts prior to trial, the settlement negotiations throughout the litigation, the outcome of the ruling on the motion for summary judgment.

In its determination, the Court also acknowledges that this is a civil rights case and that "a successful civil rights plaintiff often secures important social benefits that are not reflected in nominal or relatively small pecuniary damage awards." *City of Riverside v. Rivera*, 477 U.S. 561, 576-77 (1985)("a rule of proportionality would make it difficult, if not impossible, for individuals with meritorious civil rights claims but relatively small potential damages to obtain redress from the courts"; *see also Cartwright v. Stamper*, 7 F.3d 106, 110 (7th Cir. 1993).

Next, the Court considers *Johnson* factors 1 and 2. As Defendants point out, this case was straightforward and "fairly simple" and the issues were "not difficult or novel." Resp. at pp. 7-8. Defendants expound that the claims only involved two main police officers and the event that led to the claims lasted for a very short period of time. *Id.* Defendants argue that the amount of time spent on this case, and thus fees requested, is

not reasonable given the simplicity of the case. The Court agrees that the fact pattern and law in this case was not novel. As an example why the fees should be greatly reduced, Defendants argue that Plaintiff deposed many unnecessary witnesses including, Officer Arthur Arrellano, Sgt. Mark Demick, Lt. Tom Stein, Sgt. James Scarpetta and, the Chief of Police for the City of Joliet, Fred Hayes. They argue that none of the above witnesses had anything substantive to offer in this case. Resp. at p. 7. That argument is easily made with hindsight on one's side. However, with knowledge of this case, the Court recalls the numerous number of officers for the City of Joliet that were involved in the initial event and then the following investigation and cannot agree that all of these depositions were unnecessary.

To explain some of the great amounts of time expended by the attorneys in this case, Plaintiff asks the Court to consider the lengthy pre-trial negotiations between the parties. Motion at p. 4. Specifically, Plaintiff argues that Defendants "presented a stonewalled position of litigation defense and trial preparation." *Id.* Defendants deny that they were unreasonable in their negotiations. Based on the history of this case, the Court does not find that one side is responsible for this case not settling prior to trial. As the Court is very familiar with this case, in considering factors 1 and 2, it takes note of the

straightforward aspects of the facts and law involved and is reminded of the lengthy settlement attempts in this case in determining a reasonable amount of attorney's fees.

Based on the foregoing considerations, the Court reduces the lodestar calculation by 35%, which it finds reasonable in light of the number of hours expended litigating this case, the level of difficulty of the facts and law of the case, and the success at jury trial. In consideration of the lodestar calculation and the applicable *Johnson* factors, the Court arrives at an attorney fee award of $166,253.75.

## II. Costs and Expenses to Which Plaintiff is Entitled

The Court has reviewed Plaintiff's bill of costs, which is reasonable. The Defendants do not object specifically to any of the expenses listed on the bill of costs. Therefore, Plaintiff's requested non-taxable fee amount of $1,230 is awarded.

## CONCLUSION

Plaintiff's Motion for Attorney's Fees and Non-taxable Costs After Judgement is granted in the amount of $167,483.75.

Date: October 5, 2012      E N T E R E D:

*Arlander Keys*
MAGISTRATE JUDGE ARLANDER KEYS
UNITED STATES DISTRICT COURT